## DONNELLY v. STATE OF INDIANA.

[No. 24,449. Filed February 29, 1924.]

1. CRIMINAL LAW.—*Appeal.—Review.—Change of Venue.—Briefs.—*A ruling on a motion for a change of venue of a criminal case will not be reviewed on appeal where appellant has not set out his application in his brief. p. 364.

2. CRIMINAL LAW.—*Change of Venue from County.—Discretion of Court.—*In a prosecution for a violation of the Prohibition Law, it is discretionary with the court whether a change of venue from the county shall be granted. p. 364.

3. CRIMINAL LAW.—*Appeal.—Review.—Credibility of Witnesses.—Question for Trial Court.—*The credibility of witnesses and the weight to be given their testimony is for the court or jury trying the case, and will not be reviewed on appeal. p. 365.

4. CRIMINAL LAW.—*Appeal.—Review.—Briefs.—"Points and Authorities".—Recital of Evidence.—*Where appellant's brief omits entirely any "Points and Authorities" and contains no recital of the evidence, no question is presented which depends upon the evidence. p. 365.

From Marion Criminal Court (54,708); *Frank A. Symmes,* Judge *Pro Tem.*

Stewart Donnelly was convicted of the charge of unlawfully selling intoxicating liquor, and he appeals. *Affirmed.*

*Thomas C. Whallon,* for appellant.

*U. S. Lesh,* Attorney-General, and *Mrs. Edward Franklin White,* Deputy Attorney-General, for the State.

GAUSE, J.—This was an appeal from a judgment convicting appellant of a violation of the law prohibiting the sale of intoxicating liquor.

Appellant has wholly failed to present any question by his brief filed in this case.

We find, by going to the record, that he has assigned as error: (1) The ruling of the court on a motion for a change of venue from the county; (2) the ruling of the court on the motion for a new trial.

Appellant has not set out in his brief any motion or affidavit for a change of venue, so no question is presented as to the first assignment of error. It need hardly be suggested that it was discretionary with the court whether a change from the county should be granted.

1,2.

In his motion for a new trial, appellant only questions the sufficiency of the evidence. Appellant refers in his brief to the fact that there are sixty pages of evidence in the record, but in place of giving a condensed recital of the evidence in narrative form, he has devoted twenty-two lines to stating appellant's conclusion as to the substance of a part of the testimony of only a part of the witnesses. Appellant correctly states in his brief that he sets out, "just a few lines here and there."

The appellant has failed to set out in his brief a single

point, under a heading of any error relied on. The part of a brief known and generally designated as "Points and Authorities," is entirely omitted.

The brief contains a denunciation of so-called informers and contends that such evidence is not entitled to credit. If this question were raised, it 3, 4. would be a sufficient answer to call attention to the oft repeated proposition that the question of the credibility of witnesses and the weight to be given their testimony is for the court or jury trying the case.

There is an entire failure to comply with the fifth subdivision of Rule 22 of this court, and the judgment must be affirmed.

Judgment affirmed.